WILLIAMS ET AL., APPELLANTS, *v.* THE IRON CITY BUILDING & LOAN CO., APPELLEE.

(Decided December 30, 1939.)

*Messrs. Corn & Byrne,* for appellants.
*Mr. H. A. McCown,* for appellee.

GILLEN, J. It appears from the record in this case that a majority of the stockholders of The Iron City Building & Loan Company on the 26th day of May, 1937, adopted a plan of reorganization which provided only for a reduction of the value of the outstanding shares of stock. Within twenty days thereafter plaintiffs filed with the company their objections in writing and demanded payment of the fair cash value of their shares, fixing one hundred per cent as the fair cash value thereof. The company refused to pay the amount demanded and offered to pay twenty-five cents on the dollar. Within six months thereafter plaintiffs filed their petition in the Common Pleas Court of Lawrence county, Ohio, attacking the proceedings relating to the plan of reorganization and in the prayer of the petition asked that, in the event the plan of reorganization be approved by the court, the fair cash value of their stock be determined. That branch of the case dealing with the plan of reorganization was considered by the trial court, resulting in a judgment in favor of defendant, which judgment was later affirmed by this court. The trial court then proceeded to determine the fair cash value of plaintiffs' stock pursuant to the provisions of Section 8623-72, General Code. It is urged by plaintiffs that the trial court should have gone a step further and rendered judgment for the amount found to be the fair cash value and fixed the date from which interest should begin to run thereon. The cause is before this court on an appeal on questions of law.

A determination of the question here presented requires an interpretation of the provisions of Section 8623-72, General Code, and Section 693-1, General Code. Section 8623-72, General Code, was enacted as part of the General Corporation Act and its present form became effective July 23, 1931. Section 693-1, General Code, is a part of the Code relating to building and loan companies and became effective June 29,

1934. The material part of Section 8623-72, General Code, pertinent to the question here presented, reads:

"Said appraisers shall forthwith proceed to determine said fair cash value and said appraisers, or a majority of them, shall make a report or award within ten days, unless the court shall enlarge said time, and shall file such report in the office of the clerk of such court, whereupon, on the motion of either party, said report shall be submitted to the court and considered on such evidence as the court may consider relevant, and if said award shall be found to be reasonable, and shall be confirmed and approved by the court, judgment shall be rendered against the corporation for the payment of the amount of the award, with interest at six per cent from a date which shall be fixed in such judgment."

The portion of Section 693-1, General Code, relating to the same subject-matter provides:

"All dissenting shareholders shall be entitled to relief in the manner and under the conditions provided in Section 8623-72 of the General Code, except that when a plan of reorganization includes only a reduction in the authorized capital stock, stock credits, and the fully paid and issued capital stock, the filing of his demand for payment of the fair cash value of his stock credits shall constitute an application for withdrawal or repurchase, and the fair cash value of his stock credits as finally determined pursuant to Section 8623-72 of the General Code shall be payable only at such time or times as permitted under his right of withdrawal or repurchase at the time his application to that effect is filed as herein provided."

It is obvious that the provisions of the two statutes quoted above are *in pari materia* and that they must be construed together in order to give full force and effect to the legislative intent.

In the case at bar the defendant building and loan company adopted a plan of reorganization providing

only for a reduction of the stock credits and fully paid and issued capital stock. The fair cash value of the dissenting shareholders has been properly determined pursuant to the provisions of Section 8623-72, General Code. The manner and time of payment of the fair cash value so determined are controlled by the provisions of Section 693-1, General Code. This statute clearly provides that under such circumstances "the filing of his demand for payment of the fair cash value of his stock credits shall constitute an application for withdrawal or repurchase, and the fair cash value of his stock credits as finally determined pursuant to Section 8623-72 of the General Code shall be payable only at such time or times as permitted under his right of withdrawal or repurchase at the time his application to that effect is filed as herein provided." If this court were to determine that plaintiffs are entitled to judgment with interest the provisions of Section 693-1, General Code, would be reduced to a nullity and the legislative intent, with respect to the provisions thereof, would be defeated. The court's decree must conform to the provisions of the code in all cases where the statutes clearly set forth the terms to be followed. In the case at bar plaintiffs are not entitled to a judgment with interest pursuant to the provisions of Section 8623-72, General Code, but must be content with the operation of Section 693-1, General Code, with respect to the manner and time of payment. The decree of the trial court correctly determined the rights of the parties and is affirmed.

*Judgment affirmed.*

BLOSSER, P. J., and McCURDY, J., concur.